UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARRIELL SPROAPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-01383-SRC |
| CITY OF ST. LOUIS SHERIFF'S DEPARTMENT et al., | ) ) ) ) |
| Defendants. | ) ) |

### Memorandum and Order

Before the Court are Plaintiff Mariell Sproaps's Motion for leave to proceed in forma pauperis, doc. 2; Motion seeking the appointment of counsel, doc. 3; Complaint, doc. 1; and numerous supplements to the Complaint, docs. 6–7, 9–10. The Court addresses each in turn.

First, having reviewed Sproaps's financial affidavit, doc. 2, the Court finds that he lacks sufficient funds to pay the initial filing fee. Accordingly, the Court grants his Motion for leave to proceed in forma pauperis, *id.*, and waives the filing fee.

Second, Sproaps asks the Court to appoint him counsel. Doc. 3. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Instead, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that [the] plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, courts consider such relevant factors as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present his claim. *Phillips v.*

*Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  Here, Sproaps has demonstrated that he is able to adequately present his claims, the issues he raises do not appear complex, and the case does not yet feature conflicting testimony.  The Court finds that at this stage, appointing counsel would not be appropriate, and accordingly denies Sproaps' Motion for the appointment of counsel, doc. 3, without prejudice.

Finally, the Court notes that since filing his Complaint using the Court's civil complaint form, doc. 1, Sproaps has filed a document altering the damages he seeks and purporting to add numerous defendants to this case, doc. 9; and another document making numerous additional legal claims and factual allegations, doc. 10.  Federal Rule of Civil Procedure 10 governs the form of pleadings filed in federal court, requiring that "[t]he title of the complaint . . . name all the parties" and that each party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(a)–(b).  But here, Sproaps has filed numerous documents listing varying defendants and making varying factual and legal claims.  *See* docs 1, 9–10.  Accordingly, the Court orders Sproaps to file an amended complaint, using the Court's civil complaint form, listing all relevant defendants and making all relevant legal and factual claims in the same document.  To that end, the Court also orders the Clerk of Court to mail Sproaps a new copy of the Court's civil complaint form.  The Court reminds Sproaps that this amended complaint will completely replace his original Complaint and its supplements.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  If he later desires to amend the complaint once more, he must first seek leave of Court to do so.

Sproaps must file the amended complaint no later than April 2, 2024. His failure to do so may result in the dismissal of this case without prejudice and without further notice.

So ordered this 12th day of March 2024.

_SL R. CL_
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE