UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARRIELL SPROAPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-01383-SRC |
| | ) | |
| CITY OF ST. LOUIS SHERIFF'S | ) | |
| DEPARTMENT et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum and Order

Pro se plaintiff Mariell Sproaps sued the City of St. Louis Sheriff's Department and ten law-enforcement officers, alleging violations of his civil rights on numerous occasions when Sproaps visited the St. Louis Civil Courts Building. The Court has already granted Sproaps leave to proceed in forma pauperis, and Sproaps has timely filed his amended complaint. Now, on initial review under 28 U.S.C. § 1915(e), the Court directs the Clerk of Court to effect service of process on defendant Sergeant Parker in his individual capacity, but dismisses the remaining defendants from this case.

### I.    Background

Sproaps alleges the following facts. On September 28, 2023, Sproaps entered the Civil Courts Building in downtown St. Louis, Missouri, and proceeded to a courtroom on the tenth floor to "talk with the Clerk of the Court about a [c]ivil lawsuit." Doc. 13 at 9. Shortly thereafter, ten sheriff's deputies entered the courtroom and "verbally forced [Sproaps] to leave," then locked the courtroom doors to prevent him from re-entering. *Id.* He eventually left the building "to get cash to pay for [a] summons," but when he returned to make the payment, the deputies refused him admission to the courthouse. *Id.* Sproaps asked to speak to a supervisor, at

which point Sergeant Parker arrived and continued to deny him entry. *Id.* Parker then "push[ed] him towards the revolving door" and "used the revolving door . . . to push [Sproaps] out of the courthouse." *Id.* at 10. Once outside the courthouse, Parker threatened to arrest Sproaps unless he left the area. *Id.*

The next day, on September 29, 2023, Sproaps returned to the Civil Courts Building, but another deputy again "stopped him from entering the courthouse" and "threatened to use force" unless Sproaps left the premises. *Id.* Days later, on October 3, 2023, he returned for a third time, and two deputies again turned him away, claiming that a judge had ordered him banned from the building. *Id.* Sproaps asked to speak to a supervisor, and spoke to two officers who "initiated an investigation" into the claim. *Id.* The officers "concluded that [Sproaps] was not banned by a [j]udge," and allowed him into the building. *Id.*

Finally, on October 10, 2023, Sproaps returned to the courthouse a fourth time, where he "was further harassed as [he] went to file legal paperwork." *Id.* One officer stopped Sproaps and questioned him for over 20 minutes regarding his business. *Id.* Another officer falsely reported to his superior that Sproaps "was ban[ned] from the building," but eventually, the officers allowed him to proceed with his court business. *Id.*

Weeks later, Sproaps initiated this lawsuit, claiming that the City of St. Louis Sheriff's Department, Sergeant Parker, and nine other employees of the Sheriff's Department violated his civil rights by their efforts to inhibit his access to the Civil Courts Building. Docs. 1, 13. He sues the "Sheriff's Department in its official capacity for violations of [his] [c]ivil [r]ights" and Sergeant Parker in his individual capacity, but does not specify in what capacity he sues the remaining officers. *See* doc. 13 at 2–5.

2

## II.     Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  To properly state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon its judicial experience and common sense. *Id.* at 679 (citing *Twombly*, 550 U.S. at 556).  The court must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (alteration in original) (citing *Twombly*, 550 U.S. at 570).

When reviewing a pro se complaint under section 1915(e)(2), the Court must give it the benefit of a "liberal construction"—meaning that "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (alteration in original) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law.  *See Stone*, 364 F.3d at 915 (explaining that even in a pro se case, federal courts need not "assume facts that are not alleged, just because an additional factual

allegation would have formed a stronger complaint").  Finally, affording a pro se complaint the benefit of a liberal construction does not mean that courts should interpret the procedural rules of civil litigation "so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### III.    Discussion

First, the Court addresses Sproaps's claim against the City of St. Louis Sheriff's Department.  Doc. 13 at 2.  The Eighth Circuit has explained that departments or subdivisions of local governments do not qualify as suable entities.  *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) ("The West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such.  They are simply departments or subdivisions of the City government.").  Accordingly, the Sheriff's Department, as a department of the St. Louis city government, does not constitute a suable entity.  For that reason, the Court dismisses Sproaps's claim against the Sheriff's Department.

Second, although Sproaps sues Sergeant Parker in his individual capacity, he does not specify in what capacity he sues the remaining officers.  *See* doc. 13 at 2–5.  A plaintiff may bring a 42 U.S.C. § 1983 claim against a public official in his official capacity, individual capacity, or both.  *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).  But when the complaint says nothing about the capacity in which the plaintiff sues a defendant, the Court interprets the complaint as bringing an official-capacity claim against that defendant.  *Id*. (quoting *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995)).  "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Kentucky v.*

4

*Graham*, 473 U.S. 159, 165 (1985)). In other words, when a plaintiff brings an official-capacity claim, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (quoting *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007)); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that an official-capacity suit against a sheriff and his deputy "must be treated as a suit against the County").

Here, the Court interprets Sproaps's complaint as bringing official-capacity claims against each individual defendant except Sergeant Parker. *See Baker*, 501 F.3d at 923 (quoting *Egerdahl*, 72 F.3d at 619). Those claims constitute claims against the City of St. Louis. *See Brewington*, 902 F.3d at 800. And liability for the City under § 1983 attaches only if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018). But Sproaps does not allege that an official municipal policy, unofficial custom, or deliberately indifferent failure to train or supervise gave rise to his injuries. *See* doc. 13. For that reason, Sproaps fails to state his official-capacity claims, and the Court dismisses his claims against each individual defendant except Sergeant Parker.

Finally, the Court turns to Sproaps's claim against Sergeant Parker, whom Sproaps sues in his individual capacity for violating Sproaps's civil rights by inhibiting his access to the courts. The Eighth Circuit has observed:

> The United States Supreme Court has stated that "[t]he right of access to the courts is indeed but one aspect of the right of petition." The Court has noted that the right to petition is "among the most precious of the liberties safeguarded by the Bill of

Rights," and that it has "a sanctity and a sanction not permitting dubious intrusions." As an aspect of the First Amendment right to petition, the right of access to the courts shares this "preferred place" in our hierarchy of constitutional freedoms and values.

*Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1427 (8th Cir. 1986) (first quoting *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); then quoting *Mine Workers v. Ill. State Bar Ass'n*, 389 U.S. 217, 222 (1967); and then quoting *Thomas v. Collins*, 323 U.S. 516, 530 (1945)). Here, Sproaps alleges that the first time he visited the Civil Courts Building, Parker denied him entry to the Civil Courts Building, pushed him towards the revolving exit door, and then used the revolving door to push him out of the courthouse. Doc. 13 at 9–10. Sproaps also alleges that Parker "continuously harassed [him] outside the courthouse" and threatened him with arrest unless he left the area. *Id.* at 10. Those facts suffice to state a claim that Parker violated Sproaps's right of access to the courts. Accordingly, the Court directs the Clerk of Court to effect service of process on Sergeant Parker in his individual capacity.

## IV.    Conclusion

For the reasons described above, the Court directs the Clerk of Court to effect service of process on Sergeant Parker in his individual capacity, but dismisses the remaining defendants from this case without prejudice.

So ordered this 22nd day of July 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE