UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARRIELL SPROAPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-01383-SRC |
| ) | |
| LIEUTENANT FRANK PARKER, ) | |
| ) | |
| Defendant. ) | |

**Memorandum and Order**

Marriell Sproaps, a self-represented litigant, sued the City of St. Louis Sheriff's Department and ten law-enforcement officers, alleging violations of his civil rights during numerous visits to the Civil Courts Building in St. Louis, Missouri. Following the Court's initial review of Sproaps's claims, only Lieutenant Frank Parker[1] remains as a defendant in this case. Now, Lieutenant Parker moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Because Sproaps's allegations fail to satisfy the necessary elements of a denial-of-access claim, the Court determines that he has not stated a plausible claim and, therefore, grants Lieutenant Parker's motion.

**I.   Background**

   **A.   Factual background**

The Court accepts the following well-pleaded facts as true for the purposes of this memorandum and order. On September 28, 2023, Sproaps entered the Civil Courts Building in

---

[1] In his amended complaint, Sproaps named "Sargent [sic] Parker" as a defendant. Doc. 13 at 3 (The Court cites to page numbers as assigned by CM/ECF.). In the corresponding responsive pleading, counsel informed the Court that the Defendant's proper name is "Lieutenant Frank Parker." Doc. 21 at 1. At the Rule 16 Conference, the parties, among other things, consented to the Court substituting Lieutenant Frank Parker in as Defendant. Doc. 24. And so, in this memorandum and order, the Court refers to Defendant as Lieutenant Frank Parker or Lieutenant Parker.

downtown St. Louis and proceeded to a courtroom on the tenth floor to "talk with the Clerk of the Court about a [c]ivil lawsuit." Doc. 13 at 9. Shortly thereafter, "over ten" sheriff's deputies "barged into the courtroom," "verbally forced" Sproaps "to leave the courtroom," and then "locked the door to the courtroom," preventing him "from obtaining to" his "legal obligations with the court." *Id.* The deputies then "followed" him "around the [c]ourthouse and" continued to "intervene[] with" his "legal obligation throughout the Civil Courts [B]uilding." *Id.*

The deputies "followed" Sproaps to the "Sheriff's Office . . . located on the eight[h] floor" and continued to "harass[]" him. *Id.* Sproaps "inquired to pay to summons a party in a lawsuit" but "left the [c]ourthouse to get cash to pay for the summons." *Id.* When he returned, the deputies "deprived" Sproaps "from entering the courthouse." *Id.* When he "requested to speak with a supervisor," Lieutenant Parker "arrived and" continued to deny Sproaps "entry [in]to the Civil Courts [B]uilding." *Id.* Lieutenant Parker "proceeded to assault" Sproaps "by pushing him towards the revolving door." *Id.* at 10. Lieutenant Parker then "used the revolving door as a weapon to push" Sproaps "out of the courthouse." *Id.* Once outside, Lieutenant Parker "continuously harassed" Sproaps and threatened to arrest him "if he didn't leave." *Id.*

The next day, Sproaps returned to the Civil Courts Building, but another deputy again stopped Sproaps "from entering the courthouse," "harassed" him, and "threatened to use force if" he "didn't leave the premises." *Id.* Days later, Sproaps returned to the Civil Courts Building again where two deputies met him, claiming "that a Judge banned" him "from the courthouse." *Id.* Sproaps "requested to speak to a supervisor," and a deputy "came and initiated an investigation." *Id.* The deputy concluded that Sproaps "was not banned" and informed him that he could "enter the Civil Courts [B]uilding [to] obtain to his legal obligation." *Id.*

2

A week later, Sproaps returned to the courthouse for a fourth time, where he "was further harassed as" he "went to file legal paperwork." *Id.* At one point, a deputy "stopped" him and "questioned" him "for over 20 minutes as to why and what" he "was doing in the building." *Id.* Another deputy "made false claims that" Sproaps "was ban[ned] from the building." *Id.* Deputies eventually "allowed" Sproaps "in the building." *Id.*

B.   **Procedural background**

On October 30, 2023, Sproaps initiated this lawsuit, doc. 1; *see also* docs. 9–10, and filed an application to proceed *in forma pauperis*, doc. 2, and a motion for the appointment of counsel, doc. 3. The Court granted Sproaps's IFP motion, doc. 12 at 1, denied his motion to appoint counsel, *id.* at 2, and ordered him to file an amended complaint on the Court-provided form, *id.*

In his amended complaint, Sproaps asserted civil-rights claims against Lieutenant Parker, the City of St. Louis Sheriff's Department, and nine other law-enforcement officers. Doc. 13. Following initial review pursuant to 28 U.S.C. § 1915(e), the Court directed the Clerk of Court to effect service of process on Lieutenant Parker in his individual capacity but dismissed the remaining defendants from the case. Doc. 14 at 6. After the completion of service on Lieutenant Parker, *see* docs. 15–19, he filed an answer, doc. 21.

The Court then held a Rule 16 Conference, doc. 24, where, among other things, Sproaps made an oral motion for the appointment of counsel, doc. 25. The Court denied Sproaps's motion, doc. 27, and entered a case-management order, doc. 26. Lieutenant Parker then filed the instant motion for judgment on the pleadings. Docs. 28–29. Sproaps did not file a response in opposition. The Court issued a show-cause order, ordering Sproaps to explain "why he has not filed any response in opposition to [Lieutenant] Parker's motion." Doc. 30 at 1. "[A]ssuming Sproaps opposes [Lieutenant] Parker's motion," the Court also extended Sproaps's deadline to

"file any response in opposition." *Id.* To date, Sproaps has not filed any response in opposition to Lieutenant Parker's motion or any response to the Court's show-cause order. Nor has Sproaps requested any other relief from the Court.

## II. Standard

Rule 12(c) provides that after the pleadings close, a party may move for judgment on the pleadings. "As a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a [Rule] 12(b)(6) motion to dismiss." *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level," *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (citation omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the claim or element. *Id.* at 556.

At the motion-to-dismiss stage, the Court accepts as true all the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.*,

4

and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief, *id.* at 555–56; *see also* Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all the allegations contained in a complaint does not, however, apply to legal conclusions. *Iqbal*, 556 U.S. at 678 (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (citing *Twombly*, 550 U.S. at 555)). Although legal conclusions can provide the framework for a complaint, the pleader must support them with factual allegations. *Id.* at 679. A court reviews the plausibility of the plaintiff's claim "as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010).

"When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint' as well as materials that are 'necessarily embraced by the pleadings.'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (first quoting *Mo. ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999); and then quoting *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997)); *see also Cent. Telecomms., Inc. v. City of Jefferson City*, 589 F. Supp. 85, 91 (W.D. Mo. Feb. 29, 1984) ("The scope of a court's inquiry on a Rule 12(b)(6) motion is limited to the pleadings.").

### III.   Discussion

Only Sproaps's claim that Lieutenant Parker violated Sproaps's civil rights by inhibiting his access to the courts remains in this case. *See* doc. 14 at 5–6. In his motion, Lieutenant Parker argues that the Court should enter judgment on the pleadings in his favor because Sproaps "has failed to allege any actual injury that he suffered." Doc. 29 at 4. Specifically, Lieutenant

5

Parker argues that Sproaps "failed to allege how his lack of access to the courts impacted any legal claims he was bringing or intended to bring or caused him specific injury related to any legal claims he was bringing or intended to bring." Doc. 29 at 1–2.

As the Court noted, Sproaps has not, to date, responded to Lieutenant Parker's arguments. And so the Court observes that while "pro se pleadings are to be construed liberally," the Court "is not permitted to act as counsel for either party." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam) (citations omitted). So notwithstanding Sproaps's lack of opposition, the law—and only the law—guides the Court's analysis and disposition of Lieutenant Parker's motion.

"The right to access courts has long been a fundamental constitutional right." *Heights Apartments, LLC v. Walz*, 30 F.4th 720, 732 (8th Cir. 2022); *see, e.g.*, *Christopher v. Harbury*, 536 U.S. 403, 415–418 (2002). "The Petition Clause of the First Amendment is one source of this right." *Walz*, 30 F.4th at 732 (citing U.S. Const. amend. I). "[T]he Supreme Court divide[s] denial-of-access claims into two categories." *S.L. ex rel. Lenderman v. St. Louis Metro. Police Dep't Bd. of Police Comm'rs.*, 725 F.3d 843, 856 (8th Cir. 2013) (Gruender, J., concurring in part and dissenting in part) (citing *Christopher*, 536 U.S. at 412–14)). "First are forward-looking claims, in which 'systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time.'" *Id.* (quoting *Christopher*, 536 U.S. at 413). "Second are 'backward-looking' claims, in which '[t]he official acts claimed to have denied access may allegedly have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.'" *Id.* (alteration in original) (quoting *Christopher*, 536 U.S. at 413–14).

Here, Lieutenant Parker does not specify whether, in his view, Sproaps raises a forward-looking or a backward-looking denial-of-access claim. *See* docs. 28–29. But in his briefing, Lieutenant Parker quotes the test for backward-looking claims espoused in *Walz*, doc. 29 at 3 (quoting *Walz*, 30 F.4th at 732), and relies on *Christopher*, a Supreme Court case addressing a backward-looking claim, for support, *id.* at 3–4 (quoting *Christopher*, 536 U.S. at 414–415).

At any rate, the Court finds (and agrees with Lieutenant Parker to the extent that he intended on arguing) that Sproaps's claim constitutes a backward-looking claim. Because Sproaps principally alleges that Lieutenant Parker "prevented" Sproaps "from obtaining to" his "legal obligations" at the Civil Courts Building, doc. 13 at 9, Sproaps's claim "do[es] not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable," *Christopher*, 536 U.S. at 414 (internal citations omitted); *see also Brand v. City of Wentzville*, No. 4:20-cv-01758-SRC, 2022 WL 594513, at 8*–*9 (E.D. Mo. Feb. 28, 2022) (determining that the plaintiff "assert[ed] a 'backward-looking'" claim where she alleged that one defendant, among other things, "frustrated [her] potential litigation" (alteration in original) (citations omitted)).

"To state a plausible claim under the Petition Clause," Sproaps "must identify the claim [he] wished to bring, the official actions that frustrated [his] attempt to redress that grievance, and, for a 'backward-looking' claim, a remedy exclusively tied to the alleged harm of being unable to have a court adjudicate [his] claim." *Walz*, 30 F.4th at 732. To safeguard "the right of a defendant in a backward-looking access suit to obtain early dismissal of a hopelessly incomplete claim for relief . . . , the complaint should state the underlying claim in accordance

7

with Federal Rule of Civil Procedure 8(a)." *Christopher*, 536 U.S. at 417.  And so Sproaps's "underlying cause of action *and* its lost remedy must be addressed by allegations in the complaint." *Id.* at 416 (emphasis added).  Sproaps's allegations fail to establish either prong.

First off, Sproaps does not plead any allegations resembling "specific litigation" that "ended poorly" or that he "could not have commenced." *Id.* at 414.  To be sure, Sproaps does allege that he "waited in the courtroom to talk with the Clerk of the Court about *a* civil lawsuit," "inquired to pay to summons a party in *a* lawsuit," and generally references his "legal obligations with the court."  Doc. 13 at 9 (emphases added).  Likewise, Sproaps asserts that, during his fourth visit to the Civil Courts Building, he "went to file legal paperwork." *Id.* at 10.

But these vague allegations do not set forth even a minimal showing "that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 416.  Moreover, Sproaps's allegations neither "state the underlying claim," *id.* at 417, nor amount to "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); *see Christopher*, 536 U.S. at 417 (citing Fed. R. Civ. P. 8(a)).  Sproaps therefore did not "identify the claim [he] wished to bring"—a prerequisite "[t]o state a plausible claim under the Petition Clause." *Walz*, 30 F.4th at 732.

Secondly, Sproaps fails to assert any allegations regarding his "lost remedy," *Christopher*, 536 U.S. at 416, or identify "a remedy that could not be obtained on an existing claim," *id.* at 421.  At most, Sproaps alleges that Lieutenant Parker "intervened with" Sproaps's "legal obligation" and "prevented" him "from obtaining to" his "legal obligations with the court."  Doc. 13 at 9.  But these allegations do not direct the Court to any "remedy" that Sproaps "lost" by way of Lieutenant Parker's alleged conduct. *Christopher*, 536 U.S. at 416.

8

"Even assuming" that Sproaps's amended "complaint has plausibly alleged [that] official actions frustrated" his "ability to bring" a lawsuit while he visited the Civil Courts Building, "it has not identified 'a remedy that could not be obtained on an existing claim.'" *Walz*, 30 F.4th at 732 (quoting *Christopher*, 536 U.S. at 421). Moreover, Sproaps "has not pleaded damages that are somehow unique to" his "Petition Clause claim—a requirement for a backward-looking claim to survive." *Id.* In short, Sproaps does not allege that he was prevented from filing a lawsuit, that he missed a statute of limitations or other legal deadline, or otherwise suffered any court-access-related harm. Sproaps therefore fails to set forth sufficient factual matter in his amended complaint to state a plausible denial-of-access claim.

### IV.   Conclusion

Accordingly, the Court grants Lieutenant Parker's [28] Motion for Judgment on the Pleadings. A separate judgment accompanies this memorandum and order. Having resolved Lieutenant Parker's motion, the Court also discharges its [30] Show-Cause Order.

So ordered this 15th day of July 2025.

```
               SL R. Cl
         _____
         STEPHEN R. CLARK
         CHIEF UNITED STATES DISTRICT JUDGE
```